# Court of Appeals
# of the State of Georgia

ATLANTA,  May 17, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0769. IN RE ESTATE OF LOUISE RAY BURKHALTER.**

George Laris Burkhalter ("George") filed a petition in probate court for the enforcement of the last will and testament of Louise Ray Burkhalter, which he later amended. In the petition as amended, George requested relief including an injunction against the transfer of certain real property (Count IV) and an injunction against the transfer of certain interests in other real property under the Uniform Voidable Transfer Act, OCGA § 18-2-77 (a) (1) (Count V). George also filed a separate petition for a temporary restraining order to prevent the disposition of certain property. On April 19, 2021, the probate court entered an order granting George a temporary restraining order for a period of 30 days. On May 21, 2021, the probate court entered an order transferring Counts IV and V in the amended petition to superior court, explaining that the superior court has exclusive jurisdiction over claims seeking equitable relief. The probate court's transfer order also extended the temporary restraining order until either June 1, 2021 or "in the event interlocutory injunctive relief is sought and granted or denied in [the superior court], the relief granted by this order shall terminate."

George filed a notice of appeal of the May 21, 2021 probate court order on the basis that the probate court's transfer order denied his request for an interlocutory injunction. We lack jurisdiction.

Pursuant to OCGA § 5-6-34 (a) (4), a direct appeal may be had from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions." Although George asserts that the May 21 order denied his request for injunctive relief, the probate court did not rule on the counts seeking such relief, but

instead transferred them to the superior court. Only orders granting or refusing applications for interlocutory injunctions are eligible for direct appeal under OCGA § 5-6-34 (a) (4). *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). And although the probate court ordered that the temporary restraining order it had entered the month before remained in effect, "[a]ppeals from orders granting or denying temporary restraining orders" must come by application. OCGA § 5-6-35 (a) (9).

Because the case remains pending below, and the transfer order is not otherwise directly appealable, George was required to comply with our interlocutory appeal procedures. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to follow the requisite procedure deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED. See *Eidson*, 337 Ga. App. at 543.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/17/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*